IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charles W. Polinski, | 3:11CR190 |
| | 3:15CV2367 |
| Petitioner, | |
| v. | |
| | **ORDER** |
| United State of America, | |
| Respondent. | |

This is a federal prisoner's collateral attack under 28 U.S.C. § 2255.

On May 4, 2011, a grand jury returned a three-count indictment against *pro se* petitioner Charles W. Polinski. (Doc. 1 at 1-3). Counts 1 through 3 charged Polinski with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). On May 11, 2011, Polinski appeared before a magistrate judge with counsel and entered a plea of not guilty to all charges.

On August 1, 2011, respondent United States of America filed a four-count Superseding Information against Polinski. (Doc. 10 at 76-78). Counts 1 and 2 charged Polinski with Felon in Possession of a Firearm under 18 U.S.C. § 922(g). Count 3 charged Polinski with Possession of Machine Guns under 18 U.S.C. § 922(o). Count 4 charged Polinski with Unregistered Manufacture of a Firearm under 26 U.S.C. § 5822.

On September 7, 2011, pursuant to a written plea agreement, Polinski, with the advice of counsel, entered guilty pleas to Counts 1, 2, 3 and 4 of the Superseding Information. (Doc. 12 at 82-95). The plea agreement included a stipulation that at sentencing Polinski would receive a four-

level enhancement in his base offense level for "alteration or obliteration" of serial numbers on the weapons. *See* U.S.S.G. § 2K2.1.

On September 7, 2011, the magistrate judge filed a Report and Recommendation ("R&R") recommending that I adopt the plea of guilty. (Doc. 13 at 96-98). I issued an order adopting the R&R on September 27, 2011. (Doc. 15 at 15-16).

On April 16, 2012, I held a sentencing hearing. I sentenced Polinski to 108 months incarceration for Counts 1 through 4, to be served concurrently, three years of post-release supervision, and a $400 special assessment. (Doc. 17 at 149-54).

On November 19, 2015, Polinski filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. 19 at 156-83).

In his motion, he contends that the four-level enhancement was, as a matter of law, not applicable. He asserts that he manufactured the weapon components at issue himself, and that they therefore never had serial numbers that could be altered or obliterated in the first place. That being so, he contends, he would not have plead guilty (or, at least, not consented to a plea agreement that stipulated that the enhancement applied), had he – and his lawyer – known the enhancement was inapplicable.

In response (Doc. 26), the government contends that Polinski waited too long to file his petition because he is outside the applicable one-year statute of limitations. Polinski concedes that he is outside the limitations period, but argues that he is entitled to equitable tolling. The government counters Polinski is not entitled to equitable tolling because he did not diligently pursue his claim.

The government also contends that Polinski has not shown ineffective assistance of counsel, or that he was prejudiced by counsel's alleged error.

2

Polinski's petition raises several factual and legal questions. Among them are:

> 1) Whether Polinski diligently pursued his claim and is thus entitled to equitable tolling;[1]
>
> 2) Alternatively, whether Polinski is entitled to equitable tolling because he is actually innocent of the act underlying the enhancement;[2]
>
> 3) Whether the four-level enhancement applies when the gun components at issue were homemade and never had serial numbers in the first place;[3]
>
> 4) Whether counsel's alleged error constituted ineffective assistance of counsel; and
>
> 5) Whether counsel's alleged error prejudiced Polinski.

Polinski's petition thus "turn[s] on substantial and complex procedural, legal or mixed legal and factual questions." *Camcho v. Unitde States*, 2010 WL 4365479, *1 (N.D. Ohio). Polinski, however, is legally unsophisticated. *See id.* He would certainly benefit from assistance from counsel.

---

[1] There is some indication in the record that Polinski's counsel *may* have misrepresented to Polinski (or to someone in Polinski's family) that he made a filing on Polinski's behalf during the limitations period.(Doc. 19-2). If that is the case, and if Polinski relied on that misrepresentation, those facts would support Polinski's claim of diligence. *See*, *e.g.*, *Smith v. United States*, 2006 WL 3324859, *1 (S.D. Ohio) (serious attorney misconduct may warrant equitable tolling).

[2] Central to this question is whether, in the Sixth Circuit, under the circumstances present here, the actual-innocence exception can apply to sentencing in a non-capital case. *See, e.g.*, *Lee v. Brunsman*, 474 Fed. Appx. 439, 442-43 (6th Cir. 2012) (declining to apply exception, but noting in dicta, "if the actual-innocence exception applies in the non-capital context . . . a legitimate actual-innocence argument is a challenge to the correctness of a factual conclusion that was a prerequisite to the petitioner's sentence").

[3] *See, e.g.*, *United States v. Laughrin*, 438 F.3d 1245, 1248-49 (10th Cr. 2006); *United States v. Seesing*, 234 F.3d 456, 460-61 (9th Cir. 2000); *United States v. Bakhtiari*, 913 F.2d 1053, 1063 (2d Cir. 1990).

I have authority to appoint Polinski counsel to assist him in pursuing his claim.[4] *See* 18 U.S.C. § 3006A(a)(2)(B). I deem it appropriate to do so. *See Camcho*, 2010 WL 4365479, *1 (setting forth circumstances when appointment of counsel is warranted).

It is accordingly,

ORDERED THAT:

1. Richard M. Kerger, Esq., be, and he hereby is, appointed under the Criminal Justice Act as counsel for the petitioner;

2. Following filing of an appearance by and receipt of notice from counsel that he has communicated with petitioner, the Clerk shall forthwith set a telephone pretrial conference between the court and counsel.

So ordered.

/s/ James G. Carr
Sr. United States District Judge

---

[4] Although there is no constitutional authority for the appointment of counsel in civil cases, there is statutory authority for appointing counsel in habeas corpus actions brought under 28 U.S.C. §§ 2241, 2254, and 2255. 18 U.S.C. § 3006A(2)(B); *see Hadix v. Johnson*, 398 F.3d 863, 866 (6th Cir. 2005).